Benjamin Woodhouse esq.
Havensight Capital LLC
#5 Company St.
Christiansted, USVI 00820
805 478 1958
California Bar #261361

**UNITED STATES FEDERAL COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

Havensight Capital LLC,           ) Case No.: 2:15-CV-01206
                                  )
        Plaintiff,                ) **Request for Entry of**
                                  ) **Default Judgment by the**
                                  ) **Court Clerk.**
                                  )
                                  ) **Hon. Dean D. Pregerson**
The People's Republic of          )
                                  )
China, Defendant                  )

Does 1 to 10

        Defendant

**REQUEST FOR ENTRY OF DEFAULT JUDGMENT.**

   The Plaintiff, here, moves the Court to enter Default Judgment in favor of the Plaintiff for Defendant's failure to respond, to Plaintiff's complaint pursuant to *Rule 12, and Rule 55 of the FRCP.* The Defendant, here, was required to serve an answer, within sixty days from the time of this properly served complaint, under *28 U.S.C. Section 1608* as the Defendant is a foreign sovereign entity.  The

1       REQUEST FOR ENTRY OF DEFAULT JUDGMENT BY THE COURT CLERK

Defendant, here, was served, on Feb. 20, 2015, and failed to serve an answer by the end of the Court business day, at 4p.m., on April 20, 2015, **thus it is proper for the Court's clerk to enter Default judgment, in the specified damages amount in the Complaint of $550 million.** *Rule 12 FRCP. Rule 55 FRCP. Id. See Proof of Service of Mailed Summons to Defendant's International Legal Cooperation Center pursuant to the Hague Convention in Court Record. See Proof of Service of Defendant's U.S. Embassy pursuant to the Hague Convention in Court Record. See Complaint in Court Record.*

**The Clerk should note that previous deficiency notice was incorrectly previously attached, here, because the amount of damages is specified and stated in this document, U.S. $550,000 and a proof of service was properly filed with the Court, here, on the International Leagal Cooperation Center in Beijing, which is the proper agent of process for the People's Republic of China.**

Additionally, on the second day, after filing the complaint, Plaintiff's counsel also sent two courtesy emails, on two separate occasions, both, to the Ambassador to the United States for the Defendant, and the Consular General of Los Angeles for the Defendant. Thus, the Defendant was provided ample notice, both through the proscribed legal methods of International service, and also through additional informal notice channels. The Plaintiff respectfully requested, here, in both of its informal correspondences, a peaceful, and expeditious resolution to this matter, at hand, and before it became in front of this Federal Court of law.

The Controversy, here, pertains to the Plaintiff's numerous alleged torts regarding: the Defendant's alleged failure to fulfill a contract for soccer shoes, property damage to Plaintiff's business through unfair business and trade practices, Trespass, and intentional interference, with Plaintiff's corporate

communications. *See Complaint in Court record. 18 U.S.C. Section* 1030. **Lastly, the Defendant cannot successfully assert, the *Foreign Sovereign immunities Act*, here, because the torts alleged, against the defendant, constitute all of the following: economic activity, tortious conduct inside the United States, interference with contractual relations, within the United States, and encompassing damage to business property, which are all exceptions under the Act**. *See 28 U.S. Section 1605(a)(2),(3), and (5).* Further, the Defendant has failed to assert any potential defense to Plaintiff's claims, and has filed absolutely nothing yet to date, in a show of complete disregard for this Court, thus immediate entry of Default is proper.

Lastly, it would be unjust from a public policy standpoint, along with being contrary to the aforementioned legal exceptions, for any Federal Court to rule that a manufacturer, in the U.S. has tort liability, but an identical counterpart, operating in

China, and paying lower wages, is entitled to serve the U.S., with impunity to any liability for any alleged committed torts by U.S. citizens.  In fact, a U.S. court has recently enforced the Judgment of a Chinese Court, on a U.S. manufacturer, see *Hubei Pinghu Cruise Co., Ltd vs.  Robinson Helicopter Company, Inc*. CV-01798-FMC (2009), thus there is no reason why this Court, here, should not require the Defendant to defend, against these serious allegations of torts from a public policy stand point.  International law is predicated, on a system that champions justice and equality between trading sovereigns.

    Finally, the Defendant currently classifies all companies incorporated, within its boundaries, as property of its government, thus any assertion of sovereign immunity is tenuous at best, for all commercial trade.  More importantly, the Defendant should be encouraged to follow International standards, in respecting private ownership rights of businesses,

should it somehow expect, this Court to find it more entitled, to sovereign immunity from alleged egregious tortious conduct in a commercial setting.

Nevertheless, here, the alleged torts stem, both, from commercial economic activity, and actual direct sovereign government official interference. Lastly, the Defendant is not indigent, here, instead it possesses trillions of dollars of assets, thus there is no reason why it should be unable to defend itself, against these allegations, and in this Court of law. In fact, the Defendant's Minister Le Keqiang, just this past weekend, announced to a room full of World Leaders that it was the Defendant's specific desire to "deepen exchanges and cooperation in international rule of law." See *http://www.china-embassy.org*. The Defendant can support this statement, here, by honoring this entered Judgment.

Affidavit:

6      REQUEST FOR ENTRY OF DEFAULT JUDGMENT BY THE COURT CLERK

I, Benjamin Woodhouse do hereby certify that the statements and allegations set forth in the foregoing Request for Clerk and the accompanying Filed Complaint are true and accurate to the best of my knowledge and belief.

*/s/Benjamin Woodhouse*
Havensight Capital LLC
#5 Company St.
Christiansted, VI. 00820
Cal Bar #261361
(805) 478 1958