Benjamin Woodhouse esq.
Havensight Capital LLC
#5 Company St.
Christiansted, USVI 00820
805 478 1958
California Bar #261361

# UNITED STATES FEDERAL COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Havensight Capital LLC, | ) Case No.: 2:15-CV-01206 |
| Plaintiff, | ) **Ex Parte Application for** |
| | ) **Entry of Default Judgment** |
| | ) **by the Court Clerk** |
| | ) |
| | ) **Hon. Dean D. Pregerson** |
| The People's Republic of | ) |
| China, Defendant | ) |
| | ) |
| Does 1 to 10 | |
| Defendant | |

## EX Parte Application for Administrative Relief.

   We move this Court, to direct the clerk, to enter

Default Judgment against the Defendant, here, in the

case at hand, pursuant to the signed affidavit by

Plaintiff's counsel that the Defendant is in Default.

This application is only for administrative relief, in

the matter at hand.  The Plaintiff wishes to file its

Motion for Default Judgment, which would require

adjudication by the Court, at a future date in the

1   EX PARTE APPLICATION FOR ADMINISTRATIVE RELIEF

interest of justice.  This is in order to provide the

Defendant, with an opportunity to settle the matter at

hand, and to include any potential future

communications between, Defendant, and Plaintiff, in

any such potential Motion for Default should they be

pertinent.  This Application only pertains to

correcting, a clerical error, by the Court's data entry

clerk.  There is no address and name listed for the

Defendant's counsel in this Ex Parte application,

pursuant to Local rules, as the Defendant has not shown

up in this case.  The Defendant has an agent of process

at Ministry of Justice, International Legal Cooperation

Center (ILCC),6, Chaoyangmen Nandajie, Chaoyang

District, BEIJING, P.C. 100020,


    The Plaintiff, here, served the Defendant, the

People's Republic of China, by mailing the filed

Complaint to the Defendant's agent of process, under

the Hague Convention, which is the ILC Cooperation

Center in Beijing, on February, 20, 2015, and by

serving the staff leader in person, at the Defendant's Embassy in Washington D.C. *See attached filed proofs of service*.  Either type of service, here, is sufficient, under *28 U.S.C. Section 1603*.  Further, the *Hague Convention*, which the Defendant is a member of, clearly states that any service, which is "reasonably calculated" to provide notice is sufficient.  We believe, here, that both forms of service were reasonably sufficient to provide notice to the Defendant, under *28 U.S.C. 1603*.

Furthermore, the Plaintiff's counsel emailed, twice each, on February 21st, 2015, both, the Defendant's Ambassador, and the Defendant's Los Angeles based Consulate General.  The Plaintiff's counsel, here, referenced the case number, the Court, and the fact that a civil complaint had been filed against the Defendant.  This was done as a courtesy to the Defendant, and to provide informal service of the matter.

3   EX PARTE APPLICATION FOR ADMINISTRATIVE RELIEF

1

2    Under *28 U.S.C. Section 1603*, the Defendant has to

3

4    respond, within sixty days to the filed Complaint, and

5    defend against the tortious conduct alleged.  The

6    Defendant, here, has made no such filing or appearance.

7    *See Court Record*.  Thus, the Plaintiff's counsel filed

8

9    a request for entry for Default by the Clerk.  *Rule 12*

10   *FRCP*. *Rule 55 FRCP*.  The Clerk, here, erroneously

11

12   refused to enter the Default Judgment, stating the

13   service was insufficient, and that the amount of

14

15   damages was unspecified.  *See Notice of Deficiency in*

16   *Court Record*.  **The service, here, was above and beyond**

17   **proper, under the Federal statue, and the numerical**

18

19   **amount of damages, $550,000,000 is specified clearly,**

20   **both, in the filed Complaint, and in the filed Request**

21

22   **for Entry of Default Judgment.**

23

24   Moreover, the Plaintiff's counsel after filing, the

25

26   Request for Default by the Clerk, here, called the

27   Ambassador's office to tell him that the Defendant was

28

4   EX PARTE APPLICATION FOR ADMINISTRATIVE RELIEF

in default.  His secretary said that the Ambassador was

"too busy to speak with Plaintiff's counsel, but would

tell him that an Entry for Default Judgment had been

filed against the Defendant, and that the matter would

be referred to appropriate Embassy officer, to

determine **whether or not they wanted to bother**

**responding to it, or not."**

The Defendant cannot successfully assert, the

Foreign Sovereign immunities Act, here, because the

torts alleged, against the defendant, constitute all of

the following: economic activity, tortious conduct

inside the United States, interference with contractual

relations, within the United States, and encompassing

damage to business property, which are all exceptions

under the Act. *See 28 U.S. Section 1605(a)(2),(3), and*

*(5).*

Lastly, it would be unjust from a public policy

standpoint, along with being contrary to the

5  EX PARTE APPLICATION FOR ADMINISTRATIVE RELIEF

aforementioned legal exceptions, for any Federal Court

to rule that a manufacturer, in the U.S. has tort

liability, but an identical counterpart, operating in

China, and paying lower wages, is entitled to serve the

U.S., with impunity to any liability for any alleged

committed torts by U.S. citizens. In fact, a U.S. court

has recently enforced the Judgment of a Chinese Court,

on a U.S. manufacturer, see *Hubei Pinghu Cruise Co.,*

*Ltd vs. Robinson Helicopter Company*, Inc. CV-01798-FMC

(2009), thus there is no reason why this Court, here,

should not require the Defendant to defend, against

these serious allegations of torts from a public policy

stand point. International law is predicated, on a

system that champions justice and equality between

trading sovereigns.


    Finally, the Defendant currently classifies all

companies incorporated, within its boundaries, as

property of its government, thus any assertion of

sovereign immunity is tenuous at best, for all


6   EX PARTE APPLICATION FOR ADMINISTRATIVE RELIEF

commercial trade. More importantly, the Defendant

should be encouraged to follow International standards,

in respecting private ownership rights of businesses,

should it somehow expect, this Court to find it more

entitled, to sovereign immunity from alleged egregious

tortious conduct in a commercial setting. Nevertheless,

here, the alleged torts stem, both, from commercial

economic activity, and actual direct sovereign

government official interference.

    Additionally, the Defendant is not indigent, here,

instead it possesses trillions of dollars of assets,

thus there is no reason why it should be unable to

defend itself, against these allegations, and in this

Court of law. In fact, the Defendant's Minister Le

Keqiang, just this past weekend, announced to a room

full of World Leaders that it was the Defendant's

specific desire to "deepen exchanges and cooperation in

international rule of law." See http://www.china-

embassy.org. The Defendant can support this statement,

here, by honoring this entered Judgment.


      Affidavit:

      I, Benjamin Woodhouse, certify that the statements

made in this filing, and the filed Complaint, are true

and correct to the best of my knowledge.  The Court

should direct the clerk to make an entry of Default

Judgment in the matter at hand, in the specified

damages amount of $550,000,000.  This application is

for administration of law relief only.



                              /s/ *Benjamin Woodhouse*
                              #5 Company St.
                              Christiansted, VI 00820
                              Benjamin.woodhouse@gmail.com
                              805 478 1958
                              Cal Bar #261361


EX PARTE APPLICATION FOR ADMINISTRATIVE RELIEF