Benjamin Woodhouse esq.
Havensight Capital LLC
#5 Company St.
Christiansted, USVI 00820
805 478 1958
California Bar #261361

**UNITED STATES FEDERAL COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Havensight Capital LLC, | ) Case No.: 2:15-CV-01206 |
| Plaintiff, | ) **Ex Parte Application for Show of Cause of Proper Venue.** |
| The People's Republic of China, Defendant | ) **Hon. Dean D. Pregerson** |
| Does 1 to 10 Defendant | |

**Ex Parte Application for Show of Cause for Proper Venue.**

　　We move this Court, to direct the clerk, to enter Default Judgment against the Defendant, here, in the case at hand, pursuant to the signed affidavit by Plaintiff's counsel that the Defendant is in Default. This application is only for administrative relief, in the matter at hand.  The Plaintiff wishes to file its Motion for Default Judgment, which would require adjudication by the Court, at a future date in the

1   EX PARTE APPLICATION FOR ADMINISTRATIVE RELIEF

1  interest of justice.  This is in order to provide the
2  Defendant, with an opportunity to settle the matter at
3
4  hand, and to include any potential future
5  communications between, Defendant, and Plaintiff, in
6  any such potential Motion for Default should they be
7
8  pertinent.  This Application only pertains to
9  correcting, a clerical error, by the Court's data entry
10
11 clerk.  There is no address and name listed for the
12 Defendant's counsel in this Ex Parte application,
13 pursuant to Local rules, as the Defendant has not shown
14
15 up in this case.  The Defendant has an agent of process
16 at Ministry of Justice, International Legal Cooperation
17
18 Center (ILCC),6, Chaoyangmen Nandajie, Chaoyang
19 District, BEIJING, P.C. 100020,
20
21
22    The Plaintiff, here, would like to show the Court,
23 here, first, that venue is proper in this case, under
24
25 *28 U.S.C § 1603(b)*, and that the alleged tortious
26 conduct by the Defendant, here, falls into a number,
27 not just one, of the exceptions to the Foreign
28

2  EX PARTE APPLICATION FOR ADMINISTRATIVE RELIEF

Sovereign Immunities act. Second, in the alternative, for both venue, and immunity purposes, the Court has only been requested, here, to correct a misadministration of law by a Court clerk, and not make a substantive adjudication of this case. The Plaintiff could be inadvertently prejudiced by having to make substantive motion for default judgment arguments, in this document, as future communications between Plaintiff, and Defendant, could further strengthen the Plaintiff's case, and also prejudice any current or future settlement negotiations.

　　　Further, the burden is on the Defendant, here, under *Rule 12 of the FRCP*, to make an affirmative defense of improper venue. While we respect, the tremendous leadership, and power of the Court, here, to independently move to make rulings, in the interest of justice, the filed Ex Parte application before the Court, only concerns a misadministration of law, and was not intended to burden it, with an adjudication of

3   EX PARTE APPLICATION FOR ADMINISTRATIVE RELIEF

multiple Ex Parte applications. There seems to be no question, regarding proper service or specified damages amount. *See Plaintiff's Filed Ex Parte Application, Requesting Entry of Default Judgment.* Moreover, the Defendant is not indigent, here, and does not lack the resources to hire an attorney, and make an affirmative defense of improper venue.

    First, the Central District Court of California is a proper venue for this cause of action, because, here, a majority of the tortious conduct took place in the Central District of California, and the Defendant, here,:

    1) is licensed to do business in the district, 2) transacts business in the district, and 3) maintains a consulate general office in the district for the very purpose of commercial activity. *28 U.S.C. Section 1391(f).*

Specifically, The Court should note, here, that the torts alleged are both against the State itself, and a corporate citizen of the state, which in the case of the Defendant, all commercial entities and actors, are either, agents for, or property of the state.  The Complaint, here, alleges that the Defendant failed to perform on a contract for soccer shoes, which was made in the Central District of California, that the Defendant purposefully interfered with communications, in the Plaintiff's possession, in the Central District of California, and that the Defendant engaged in unfair business practices, which affected the Plaintiff's business, which has contacts in this venue.  The Plaintiff currently serves soccer stores in the Central District of California, and markets in the Central District of California.

Thus, venue is proper, here, and it would not be in the interest of justice to adjudicate this case in the Plaintiff's domicile, as the Plaintiff has commercial

contracts with the government of the U.S.V.I. Further, it is not more convenient for the Plaintiff to bring this action, in the District of Columbia, as the Plaintiff has no contacts with that District.

Second, the Defendant cannot successfully defend this action, using the Sovereign immunities act. The Act clearly states the following exceptions, under 28 U.S.C. Section 1605:

> "(2) in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States;

6   EX PARTE APPLICATION FOR ADMINISTRATIVE RELIEF

(3) in which rights in property taken in violation of international law are in issue and that property or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state; or that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States.

(4) in which rights in property in the United States acquired by succession or gift or rights in immovable property situated in the United States are in issue;

(5) not otherwise encompassed in paragraph (2) above, in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or

>omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment; except this paragraph shall not apply to—
>
>(A) any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused, or
>
>(B) any claim arising out of malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights;"

In this case, here, the multiple torts alleged in the Complaint would satisfy the exceptions, to sovereign immunity, under 28 U.S.C. Section 1605(2)-(5). The alleged torts of interference with a commercial contract, which was made in the Central District of California, and the alleged tort of unfair business practices, and interference with prospectice

8   EX PARTE APPLICATION FOR ADMINISTRATIVE RELIEF

economic advantage with Plaintiff's business also occurred in this district, and would satisfy prong 2 of the Code's commercial activity Exceptions. *Id.* The Defendant, here, allegedly interfered with the contract for soccer shoe purchasing, as alleged, and the Defendant also allegedly failed to perform, here, on the contract.  Further, the Defendant also allegedly interfered with phone conversations, here, whose purpose was to connect with soccer suppliers, and thus should be classified as commercial activity for immunity purposes.  Thus, this prong is satisfied. *Id.* The third prong is also satisfied, as the alleged tort of unfair business practices affects our commercial property, which is located in the United States, where our company is based.  Further, the violation of an International treaty was specifically cited, here, in our Complaint, as we feel there is a taking of corporate property through the Defendant unlawful actions, which constricted the Plaintiff's ability to compete in the soccer products market under

9   EX PARTE APPLICATION FOR ADMINISTRATIVE RELIEF

International law. The Plaintiff also alleges, here, that the Defendant provided favorable treatment to monopolistic entities, in order to unfairly profit, and unfairly receive benefits from this conduct. Thus, this prong is satisfied in totality. *Id.*

Moreover, prong 4 and 5 of the exceptions to the Code are also satisfied, here, because the Plaintiff's company can be classified as immoveable property, which is the victim of the alleged tortious conduct. *Id.* Further, certainly the tortious conduct alleged, here, references damage to corporate property for a specified amount, thus prong 5 is undoubtedly satisfied. *Id.* Satisfaction of any one of these prongs is sufficient, here, for sovereign immunity not to apply, and the **Plaintiff, here, believes that not just one, but four of the prongs have been demonstrated to be satisfied.** *Id.*

Lastly, we would like to argue, in the alternative that under *Rule 12 FRCP*, the burden, here, is on the defendant to make an assertion of an affirmative defense, such as improper venue, or sovereign immunity. The Plaintiff believes that the Clerk, here, made an error in not entering a Judgment, as requested by a signed affidavit, as she was not empowered to make a determination regarding, either, venue, or sovereign immunity.  Further, my client's settlement negotiations would be prejudiced, if the Court were, here, to dismiss this action prematurely, based on a substantive adjudication of this matter, as a Motion for Default has not yet been filed with the Court.  Certainly, we have the upmost respect for the Court, and its ability to make rulings in the interest of justice.  It would be **a dangerous precedent, however, to unduly expand the Defendant sovereign immunity, and reward them for believing that all Chinese manufacturers and government officials can affect commerce in the United States, with total impunity.**  We respectfully, request that the

11 EX PARTE APPLICATION FOR ADMINISTRATIVE RELIEF

Court direct the Clerk to enter Default Judgment in this matter, as venue is proper because the alleged tortious conduct occurred in this District, and the tortious conduct falls squarely within multiple exceptions to the rule of sovereign immunity.

/s/ *Benjamin Woodhouse*
#5 Company St.
Christiansted, VI 00820
Benjamin.woodhouse@gmail.com
805 478 1958
Cal Bar #261361

12  EX PARTE APPLICATION FOR ADMINISTRATIVE RELIEF