O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HAVENSIGHT CAPITAL LLC, a USVI Limited Liability Corporation, | ) ) ) | Case No. CV 15-01206 DDP (FFMx) |
| | ) ) | **ORDER DISMISSING CASE FOR IMPROPER VENUE AND LACK OF** |
| Plaintiff, | ) ) | **JURISDICTION** |
| v. | ) ) | |
| THE PEOPLE'S REPUBLIC OF CHINA, | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

Plaintiff asserts several causes of action against the People's Republic of China ("PRC"). (Compl. generally.) Although the alleged causes of action appear to arise out of a commercial transaction between Plaintiff and a shoe supplier in China, no defendant other than PRC is named. (Id. at 4.) Plaintiff has begun service of process on the PRC via Hague Convention procedures; however, as of the date of this order, the PRC has not returned a certificate of receipt. (Dkt. No. 10.) Plaintiff has subsequently filed numerous motions, styled "requests," for both entry of default by the Clerk of Court and default judgment by the

Court. (Dkt. Nos. 13, 15, 16, 18.) These documents are deficient in numerous ways, some of which are noted on the docket. But prior to addressing those motions, the Court, on its own motion,[1] issued an Order to Show Cause ("OSC") as to venue and jurisdiction, which did not seem apparent on the face of the complaint. (Dkt. No. 19.) The same day, Plaintiff filed an "Ex Parte Application for Show of Cause for Proper Venue," which the Court takes to be a response to the OSC. (Dkt. No. 20.)

## I. VENUE

In its complaint, Plaintiff asserts that venue is proper "pursuant to *28 U.S.C. § 1603(b)* because Defendant is licensed to do trade in the district, and maintains a consulate office in this district, along with other substantial contacts." (Compl. at 2.) As the Court noted in its OSC, § 1603(b) is not a venue statute, but 28 U.S.C. § 1391(f), which deals with venue in actions against foreign states, does permit a case to be brought "against an agency or instrumentality of a foreign state as defined in section 1603(b) of this title" if "the agency or instrumentality is licensed to do business or is doing business" in the district where the case is brought.

In its response, Plaintiff argues that venue is proper because "the torts alleged are both against the State itself, and a corporate citizen of the state, which in the case of the Defendant, all commercial entities and actors, are either, agents for, or

---

[1] Plaintiff argues that lack of venue is an affirmative defense, to be argued by the defendant. This is not correct; a court is entitled to raise the issue of defective venue *sua sponte* prior to a defendant's responsive pleading. <u>Costlow v. Weeks</u>, 790 F.2d 1486, 1487-88 (9th Cir. 1986).

2

property of the state." (Response at 5.) There are two problems with this argument. First, Plaintiff does not name the "corporate citizen of the State" as a defendant; thus, the case is not brought against it. The rule in § 1391(f) clearly distinguishes between states and their agents. Compare 28 U.S.C. § 1391(f)(3) (venue for suits against agents), with 28 U.S.C. § 1391(f)(4) (venue for suits against states). Second, even if the Court were to entertain the argument that venue can be proper under § 1391(f)(3) when only the foreign state itself is a named defendant, in this case Plaintiff has not plausibly alleged that the "corporate citizen" – i.e., the shoe company – is an agent or instrumentality of the PRC. An "agency or instrumentality of a foreign state" must be "a separate legal person, corporate or otherwise" and either an "organ" of the state or a company in which the state holds a controlling interest. 28 U.S.C. § 1603(b). Contrary to Plaintiff's assertions, corporate entities in China are not necessarily agents of or owned by the state. See, e.g., U.S. Dept. of State, 2014 Investment Climate Statement (China) (June 2014), available at http://www.state.gov/documents/organization/228504.pdf (discussing both private and state-owned enterprises in the PRC).[2] Plaintiff has not even named the Chinese shoe company involved, let alone set out facts that would allow the Court to plausibly conclude that it is an agent or instrumentality of the PRC.

The Court concludes that venue is improper.

---

[2] The Court takes judicial notice of the facts in the State Department white paper under F.R.E. 201(b). The State Department, as the nation's expert on foreign business environments, is a source "whose accuracy cannot reasonably be questioned" on this point. The Court is entitled to take judicial notice on its own. F.R.E. 201(c).

3

## II. JURISDICTION

In its complaint, Plaintiff asserts that subject matter jurisdiction exists under 28 U.S.C. § 1332. However, as the Court pointed out in its OSC,[3] the correct jurisdictional statute for suits against foreign states is 28 U.S.C. § 1330. In its response to the OSC, Plaintiff argues that jurisdiction exists under § 1330, because this case falls under certain exceptions to the presumed jurisdictional immunity of foreign states under 28 U.S.C. § 1605(a)(2)-(5).

The relevant exceptions to a foreign state's jurisdictional immunity apply to cases:

(2) in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States;

(3) in which rights in property taken in violation of international law are in issue and that property or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state; or that property or

---

[3] Plaintiff argues in its Response that "the burden, here, is on the defendant to make an assertion of an affirmative defense, such as . . . sovereign immunity." (Response at 11.) This is incorrect. The question of immunity is a jurisdictional question. 28 U.S.C. § 1330(a). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

```
             any property exchanged for such property is owned or operated
             by an agency or instrumentality of the foreign state and that
             agency or instrumentality is engaged in a commercial activity
             in the United States;
        (4)  in which rights in property in the United States acquired
             by succession or gift or rights in immovable property situated
             in the United States are in issue;
        (5)  not otherwise encompassed in paragraph (2) above, in which
             money damages are sought against a foreign state for personal
             injury or death, or damage to or loss of property, occurring
             in the United States and caused by the tortious act or
             omission of that foreign state or of any official or employee
             of that foreign state while acting within the scope of his
             office or employment; except this paragraph shall not apply
             to--
                 (A) any claim based upon the exercise or performance or
                     the failure to exercise or perform a discretionary
                     function regardless of whether the discretion be abused,
                     or
                 (B) any claim arising out of malicious prosecution, abuse
                     of process, libel, slander, misrepresentation, deceit, or
                     interference with contract rights . . . .
```
28 U.S.C. § 1605(a).

Plaintiff argues that jurisdiction exists under subsection (2) because Plaintiff alleges that Defendant interfered with a contract "which was made in the Central District of California" and also interfered with other "business" that "also occurred in this district." (Response at 9.) There are, however, no facts in the

5

complaint to show that any of the alleged incidents took place in California.  Moreover, subsection (2) refers to commercial activity "of" or "carried on . . . by" the foreign state itself.  Plaintiff has not plausibly alleged that the PRC has carried on any commercial activity relating to this case.  (As discussed above, it has not been shown or even alleged that the shoe company involved was an agent of the PRC.)

Plaintiff also argues that jurisdiction exists under subsection (3), because "the alleged tort of unfair business practices affects our commercial property, which is located in the United States."  (Response at 9.)  Subsection (3), however, only deals with "property taken in violation of international law."  Plaintiff has not identified the affected property or alleged a taking in violation of any particular international law.  Subsection (3) also only covers situations where the property is "present in the United States in connection with a commercial activity carried on in the United States by the foreign state" or "is owned or operated by an agency or instrumentality of the foreign state."  Nothing of the sort is alleged here.

Plaintiff also argues that jurisdiction exists under subsection (4) because "the Plaintiff's company can be classified as immoveable [sic] property."  (Response at 10.)  Apart from the oddity of a corporate entity referring to itself as its own property, "immovable property" as used by the statute means real estate within the United States.  <u>City of New York v. Permanent Mission of India to the United Nations</u>, 446 F.3d 365, 369 (2d Cir. 2006).  Although Plaintiff does allege that "Defendant trespassed on private property of family members of Plaintiff's manager," that

1  trespass does not appear to be the basis for any of Plaintiff's
2  causes of action and does not appear to involve *Plaintiff's* rights
3  in any real estate.  (Compl. at 6.)
4      Finally, Plaintiff argues that jurisdiction exists under
5  subsection (5) because Plaintiff alleges various torts and that the
6  complaint "references damage to corporate property for a specified
7  amount."  (Response at 10.)  To the contrary, however, the Court
8  can find no claims based on property damage in the complaint;
9  Plaintiff's claims are all commercial torts, with the possible
10 exception of the sixth cause of action for extortion.  These
11 commercial also appear to be based on actions allegedly taken by
12 the Chinese government in China – e.g., failing to respond to
13 Plaintiff's complaints and censoring phone calls to parties in
14 China.  "The fifth exception applies to non-commercial torts and
15 requires not only that personal injury or property damages occur in
16 the United States, but that the tortious act or omission occur
17 here."  Sec. Pac. Nat. Bank v. Derderian, 872 F.2d 281, 287 (9th
18 Cir. 1989).  As to the sixth cause of action, for extortion, it,
19 too, mostly amounts to an allegation of commercial wrongdoing, with
20 the exception of the bizarre allegation, unsupported by any factual
21 specifics, that Defendant "fund[ed] . . . sexual torture of the
22 Plaintiff's manager," possibly by shoe company Nike.  (Compl. at 6,
23 19.)
24
25
26 //
27 ///
28 ///

7

**III. CONCLUSION**

Because the Court finds that venue is improper, and because it cannot discern in Plaintiff's complaint or response to the OSC any legitimate grounds for subject matter jurisdiction, the complaint is hereby DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.


Dated: April 30, 2015

DEAN D. PREGERSON
United States District Judge