O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HAVENSIGHT CAPITAL LLC, a USVI Limited Liability Corporation, | ) ) ) | Case No. CV 15-01206 DDP (FFMx) |
| | ) ) | **ORDER DENYING MOTION TO VACATE JUDGMENT** |
| Plaintiff, | ) ) | [Dkt. Nos. 22, 23] |
| v. | ) ) | |
| THE PEOPLE'S REPUBLIC OF CHINA, | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

Plaintiff moves to vacate the Court's previous order dismissing its complaint, arguing that the Court either misapplied the law or misunderstood the facts.  (Dkt. Nos. 22, 23.)

Plaintiff does not say under what rule it seeks to have the judgment vacated.  "A district court may reconsider its entry of judgment against a party under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment)."  <u>School Dist. 1J, Multnomah County, Or. v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993).  Amendment or alteration of a judgment is only appropriate under Rule 59(e) if

1   "(1) the district court is presented with newly discovered

2   evidence, (2) the district court committed clear error or made an

3   initial decision that was manifestly unjust, or (3) there is an

4   intervening change in controlling law." Zimmerman v. City of

5   Oakland, 255 F.3d 734, 740 (9th Cir. 2001).  The rule "offers an

6   extraordinary remedy, to be used sparingly in the interests of

7   finality and conservation of judicial resources." Kona

8   Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir.

9   2000).  "A Rule 59(e) motion may *not* be used to raise arguments or

10  present evidence for the first time when they could reasonably have

11  been raised earlier in the litigation." Id.  See also Exxon

12  Shipping Co. V. Baker, 554 U.S. 471, 485 n.5 (2008); School Dist.

13  No. 1J, 5 F.3d at 1263.

14      Alternatively, a court may grant relief from judgment under

15  Rule 60(b) "only upon a showing of (1) mistake, surprise, or

16  excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a

17  void judgment; (5) a satisfied or discharged judgment; or (6)

18  'extraordinary circumstances' which would justify relief." Sch.

19  Dist. No. 1J, 5 F.3d at 1263.

20      Plaintiff has not satisfied either of these standards.  Nearly

21  all of Plaintiff's arguments were already addressed in the previous

22  order, and the Court did not commit clear error in its ruling, for

23  reasons given in the order.  (Dkt. No. 21.)  The only new elements

24  the Court can discern in Plaintiff's motion – the identity of the

25  allegedly delinquent shoe supplier and the argument that venue was

26  proper under 28 U.S.C. § 1391(f)(1) – could both have been

27  presented either in the complaint or in Plaintiff's response to the

28

2

1   Court's Order to Show Cause.  They were not.[1]  There is also no

2   showing of new evidence or an intervening change of law.

3      Plaintiff also does not satisfy any of Rule 60(b)'s predicates

4   to relief, as there is no showing of mistake, surprise, excusable

5   neglect, fraud, lack of authority to render the judgment, or

6   satisfaction or discharge.  As to Rule 60(b)(6), it is an equitable

7   remedy requiring a party to "demonstrate both injury and

8   circumstances beyond his control that prevented him from proceeding

9   with the action in a proper fashion."  Harvest v. Castro, 531 F.3d

10  737, 749 (9th Cir. 2008).  Plaintiff has not demonstrated any such

11  circumstances.

12     Plaintiff's motions are DENIED.  Plaintiff's remedy, if it

13  disagrees with the Court's ruling, is an appeal.

14

15  IT IS SO ORDERED.

16

17  Dated: April 30, 2015

18                                    DEAN D. PREGERSON
                                      United States District Judge

19

20  _____

21     [1]In any event, neither point would have changed the outcome of
    the Court's order.  As was explained in the previous order, the
22  shoe supplier was not named as a party, and even if it had been it
    was not plausibly alleged to be an agent of the foreign state
23  defendant.  (Dkt. No. 21 at 3.)  Additionally, although Plaintiff
    argues that it had the right to assert "Doe" defendants and name
24  them later, that is only true where the identity of the "Doe" is
    unknown to the plaintiff and can only be uncovered in discovery.
25  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  As was
    also explained in the previous order, although Plaintiff avers
26  vaguely that "the alleged torts took place in the Central District
    of California," (Mot. Vacate J. at 3), neither the complaint nor
27  the response to the Court's Order to Show Cause ever identifies
    specific events that took place in California, nor any locations
28  within the District where they are alleged to have occurred.  (Dkt.
    No. 21 at 5-6.)